UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20685-CR-WILLIAMS

UNITED STATES OF AMERICA

v.

FRANCISCO CONVIT GURUCEAGA,
JOSE VINCENTE AMPARAN CROQUER,
   a.k.a., "Chente,"
CARMELO ANTONIO URDANETA AQUI,
ABRAHAM EDGARDO ORTEGA,
GUSTAVO ADOLFO HERNANDEZ FRIERI,
HUGO ANDRE RAMALHO GOIS,
MARCELO FEDERICO GUTIERREZ ACOSTA Y LARA, and
MARIO ENRIQUE BONILLA VALLERA,

      Defendants.
_____/

## AMENDED PROTECTIVE ORDER FOR ASSETS SUBJECT TO FORFEITURE

THIS CAUSE is before the Court upon application of the United States of America (the "United States") for entry of an amended post-Indictment protective order restraining and enjoining certain assets subject to forfeiture in order to preserve their availability for criminal forfeiture, pursuant to 21 U.S.C. § 853(e) as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c). Being fully advised in the premises and based on the United States' *Ex Parte* Application for Amended Post-Indictment Protective Order Pursuant to 21 U.S.C. § 853(e), and Memorandum of Law in Support Thereof, and accompanying agent's declaration, and for good cause shown thereby, the Court finds as follows:

   1.   On August 16, 2018, a federal grand jury returned an Indictment charging Defendants Francisco Convit Guruceaga, Jose Vincente Amparan Croquer, a.k.a., "Chente," Carmelo Antonio Urdaneta Aqui, Abraham Edgardo Ortega, Gustavo Adolfo Hernandez Frieri,

Hugo Andre Ramalho Gois, Marcelo Federico Gutierrez Acosta y Lara, and Mario Enrique Bonilla Vallera (collectively, the "Defendants") with conspiracy to commit money laundering, substantive counts of money laundering, and substantive counts of interstate and foreign travel in aid of racketeering, all in violation of 18 U.S.C. §§ 1952 and 1956. *See* Indictment, ECF No. 19.

2. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956, as alleged in the Indictment, the Defendants shall each forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *Id.* at 5. The Indictment also alleged that upon conviction of a violation of 18 U.S.C. § 1952, as alleged in the Indictment, the Defendants shall each forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to 18 U.S.C. § 981(a)(1)(C), which is made criminally applicable by 28 U.S.C. § 2461(c). *Id.* at 5-6.

3. The Indictment, in paragraph 4(ii) through (ix) of the forfeiture allegations, alleged that certain property was subject to forfeiture. Prior to its deliberations, the grand jury was specifically instructed that, upon a finding of probable cause to support the criminal offenses charged in the Indictment, it should also determine whether there was a probable cause to support that the property listed in paragraph 4(ii) through (ix) was subject to forfeiture as alleged in the Indictment.

4. The grand jury subsequently returned the Indictment.

5. On August 20, 2018, upon *ex parte* motion of the United States, the Court entered the original Protective Order for Assets Subject to Forfeiture (the "Protective Order"), which restrained and enjoined the specific assets listed in the Indictment. *See* Mot. for Protective Order, ECF No. 31; Protective Order, ECF No. 32.

6. Based on the United States' *Ex Parte* Application for Amended Post-Indictment Protective Order Pursuant to 21 U.S.C. § 853(e), the description of the following previously restrained assets listed in items c and d in the original Protective Order should be modified *nunc pro tunc* (modifications are bolded):

 c. All assets on deposit in account number 1466054 at City National Bank held by **Global Securities Trade Finance**; and

 d. All assets on deposit in account/portfolio number 1303311-00 at Deltec Bank & Trust Limited in Nassau, THE BAHAMAS, including, but not limited to:

  i. All **shares** of Global Securities Trade Finance Class D Series D-1; and

  ii. Approximately 15,813.315 LU0928615466 Fenice SICAV SIF – Eagle Global.

7. Based on the agent's declaration submitted in support of the United States' *Ex Parte* Application for Amended Post-Indictment Protective Order Pursuant to 21 U.S.C. § 853(e), there is probable cause to find that the following assets are subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1) and 18 U.S.C. § 981(a)(1)(C):

 a. Real property located at Residencial Costamare, Apartment 24-011, including fixtures and furnishings, in Panama, PANAMA;

 b. Real property located at Residencial Costamare, Apartment 24-021, including fixtures and furnishings, in Panama, PANAMA;

 c. Real property located at Vistamar Golf Village, Number 3, including fixtures and furnishings, in Panama, PANAMA;

 d. All assets on deposit in account/portfolio number 10.609020 at Zarattini & Co. Bank in Lugano, SWITZERLAND, held in the name of Big Green Valley SA,

3

       including, but not limited to, all shares of Global Securities Trade Finance Class C Series C-1;

e. All assets on deposit in account number 1465724 at City National Bank in New Jersey, held by Global Securities Trade Finance;

f. All assets on deposit in account number 55102421 at City National Bank in New Jersey, held by Global Securities Trade Finance;

g. Real property located at 2101 South Surf Road, Unit 2E, Hollywood, Florida; and

h. Approximately $2 million in Series A convertible notes of Domaine Select Wine & Spirits, LLC, a Delaware limited liability company, acquired on or about September 22, 2016, and October 18, 2017, by Global Securities Trade Finance and Gustavo Hernandez, respectively.

8. Pursuant to 21 U.S.C. § 853(e)(1)(A), upon filing of the Indictment, the Court is authorized to enter a restraining order, injunction, or *take any other action* to preserve the availability of property subject to criminal forfeiture.

9. Pursuant to 21 U.S.C. § 853(e)(4)(A), the Court is authorized to order any of the Defendants to repatriate any property that may be seized and forfeited, and to direct that such property be deposited, pending trial, with the U.S. Secretary of the Treasury.

Based on the foregoing, the United States' *Ex Parte* Application for Amended Post-Indictment Protective Order Pursuant to 21 U.S.C. § 853(e), is **GRANTED**, and it is hereby,

**ORDERED** that:

1. The original Protective Order for Assets Subject to Forfeiture [ECF No. 32] is **AMENDED** to modify *nunc pro tunc* the description of previously restrained assets listed in items

c and d and to include additional assets subject to forfeiture. The following assets are thus **ENJOINED AND RESTRAINED** in order to preserve their availability for criminal forfeiture (collectively, the "Subject Assets"):

    a. A total of approximately $45,585,667.46 in U.S. currency, which includes:

        i. Approximately $5,999,710.00 in U.S. currency seized on or about December 19, 2017;

        ii. Approximately $35,488,967.72 in U.S. currency seized on or about January 8, 2018; and

        iii. Approximately $4,096,989.74 in U.S. currency recovered on or about July 17, 2018;

    b. Real property located at 18555 Collins Avenue, Unit 2205, Sunny Isles Beach, Florida 33160;

    c. All assets on deposit in account number 1466054 at City National Bank held by Global Securities Trade Finance;

    d. All assets on deposit in account/portfolio number 1303311-00 at Deltec Bank & Trust Limited in Nassau, THE BAHAMAS, including, but not limited to:

        i. All shares of Global Securities Trade Finance Class D Series D-1; and

        ii. Approximately 15,813.315 LU0928615466 Fenice SICAV SIF – Eagle Global;

    e. All assets on deposit in account/portfolio number 10.608645 at Zarattini & Co Bank in Lugano, SWITZERLAND, including, but not limited to:

        i. Approximately 16,000 Fenice SICAV-SIF SCA SICAV-SIF – Eagle Global; and

        ii. Approximately 24,405.72 Fenice SICAV-SIF SCA SICAV – Blu;

    f. All assets on deposit in account number Z1ULD767 at Valbury Capital Ltd. in London, UNITED KINGDOM;

    g. Real property located at Residencial Santa Maria Signature, Apartments 9-A and 9-B, including fixtures and furnishings, in Panama, PANAMA;

    h. Real property located at Residencial Santa Maria Signature, Apartments 2-A, 2-B, 3-B, 5-B, 6-B, 7-B, 8-A, 11-A, 11-B, including fixtures and furnishings, in Panama, PANAMA;

    i. Real property located at Residencial Costamare, Apartment 24-011, including fixtures and furnishings, in Panama, PANAMA;

    j. Real property located at Residencial Costamare, Apartment 24-021, including fixtures and furnishings, in Panama, PANAMA;

    k. Real property located at Vistamar Golf Village, Number 3, including fixtures and furnishings, in Panama, PANAMA;

    l. All assets on deposit in account/portfolio number 10.609020 at Zarattini & Co. Bank in Lugano, SWITZERLAND, held in the name of Big Green Valley SA, including, but not limited to, all shares of Global Securities Trade Finance Class C Series C-1;

    m. All assets on deposit in account number 1465724 at City National Bank in New Jersey, held by Global Securities Trade Finance;

    n. All assets on deposit in account number 55102421 at City National Bank in New Jersey, held by Global Securities Trade Finance;

      o.    Real property located at 2101 South Surf Road, Unit 2E, Hollywood, Florida; and

      p.    Approximately $2 million in Series A convertible notes of Domaine Select Wine & Spirits, LLC, a Delaware limited liability company, acquired on or about September 22, 2016, and October 18, 2017, by Global Securities Trade Finance and Gustavo Hernandez, respectively.

2.    The Defendants, including their respective agents, representatives, servants, employees, attorneys, family members, those persons in active concert or participation with the Defendants, and financial institutions or other persons or entities holding or with custody of any of the Subject Assets, are **ENJOINED AND RESTRAINED** from selling, transferring, assigning, pledging, distributing, giving away, encumbering, or otherwise participating in the dissipation, disposal (by transfer of stock or otherwise), or removal from the jurisdiction of this Court of any of the Subject Assets, or any assets traceable thereto, without prior approval of the Court and upon notice to the United States and an opportunity for the United States to be heard, except as provided in this Order.

3.    Any financial institution, entity, or person with title, custody and/or control of any of the Subject Assets is **AUTHORIZED** to transfer title, custody, and/or control of such asset to the United States, upon consent of the United States and in accordance with applicable law.

4.    Any financial institution, entity, or person holding an account in which any of the Subject Assets are on deposit is **DIRECTED** to continue to receive and credit assets and monies to such account, and take no offset against, or to allow any transfer or withdrawal from such account, without the consent of the United States or until further order of this Court.

5.    Any financial institution, entity, or person holding an account in which any of the

Subject Assets are on deposit is **FURTHER DIRECTED** to provide to law enforcement agents, upon the United States' request, with the account's current balance and records reflecting any and all activity from the date of service of this Order until the conclusion of the above-captioned criminal case and any related forfeiture proceedings so that restraint of the Subject Assets can be monitored during the pendency of the case.

6. The United States is **AUTHORIZED AND DIRECTED** to serve a copy of this Order on any individual or entity that the United States believes may be in control or possession of any of the Subject Assets.

7. This Order shall remain in full force and effect until further order of this Court.

**SO ORDERED** this 26 day of October 2018, in Chambers at Miami, Florida.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

cc: Nalina Sombuntham, Assistant U.S. Attorney (2 certified copies)