# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.  18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

v.

CARMELO ANTONIO URDANETA AQUI,

     Defendant.

_____/

### UNOPPOSED MOTION FOR A *GARCIA* HEARING

The United States of America, by and through the undersigned Assistant United States Attorney and Trial Attorney, hereby moves the Court for a hearing pursuant to *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975) and Fed.R.Crim.P. 44(c). Permanent counsel for Carmelo Antonio URDANETA Aqui (hereinafter "URDANETA") in this criminal case currently represents URDANETA's ex-wife, Zenaida Claret Urbano-Taylor Romero ("Urbano-Taylor"), along with the company of which she is listed as manager and majority owner, Paladium Real Estate Group LLC ("Paladium"), as claimant(s) in the parallel civil forfeiture action, Civil Case No. 19-CV-24249-WILLIAMS/TORRES.  The properties claimed by Urbano-Taylor and Paladium in the civil forfeiture action, which includes Unit 2205 at the Porsche Design Tower in Sunny Isles Beach and condominium units in Panama, are also listed as property subject to forfeiture in the criminal indictment against URDANETA in this criminal case.  URDANETA and Urbano-Taylor, both in her individual capacity and on behalf of Paladium, have provided written conflict waivers that were filed in the civil forfeiture action; however, since those waivers were signed, URDANETA has been arrested and is pending trial in the criminal action. *See* Exhibit B (Waivers), Case No. 19-CV-204249-WILLIAM/TORRES, ECF No. 68-2. Therefore, the undersigned and counsel for Urdaneta and Urbano-Taylor are mindful that

circumstances have changed in such a manner that any potential conflict as to the criminal matter should be raised and resolved forthwith.

While the Eleventh Circuit has recognized that a criminal defendant has a presumptive right to counsel of choice and that courts should hesitate to disqualify defense counsel, this right is not absolute and courts have discretion to reject a defendant's Sixth Amendment right to counsel of choice if it finds that there are actual or serious potential conflicts of interest which adversely affects the defendant. *See e.g.*, *United States v. Rodriguez*, 982 F.2d 474, 477 (11th Cir. 1993); *see also United States v. Ross*, 33 F.3d 1507 (11th Cir. 1994). However, even in such circumstances, the client "may waive this conflict of interest and elect to have the attorney continue representation, so long as that waiver is knowing, intelligent, and voluntary." *Ross*, 33 F.3d at 1524; *see also McCorkle v. United States*, 325 F. App'x 804, 808 (11th Cir. 2009) (district court conducted an adequate *Garcia* hearing because, among other things, it explained petitioner's right to conflict-free counsel, explained the dangers of counsel having a conflict of interest, and explained petitioner's right to obtain or talk with other counsel).

As such, Courts have allowed individuals whose lawyers already represent potential government witnesses against them to knowingly, intelligently, and voluntarily waive the right to conflict-free counsel. *See, e.g., United States v. Plewiak*, 947 F.2d 1284 (5th Cir. 1991) (trial court acted within its discretion in accepting defendant's waiver of conflict-free counsel when lawyer's law firm also represented government witness against defendant); *United States v. Reaves*, Case No. 08-00025-CR-MP-AK, 2009 WL 1013440 (N.D. Fla. Apr. 15, 2009) (approving waiver where lawyer represented both defendant and potential government witness).

Therefore, the United States and counsel for URDANETA respectfully request that the Court conduct a hearing pursuant to *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975) and

Fed. R. Crim. P. 44(c), at which time an appropriate inquiry may be made on the record to ensure that URDANETA has been advised of his right to effective assistance of counsel, including separate representation, and the potential and/or actual conflicts of interest that may arise from joint representation. Additionally, the United States requests that the Court inform URDANETA that if he does, in fact, waive any such potential and/or actual conflicts of interest, any issues or appeals arising out of the joint representation would be waived and could not be pursued by him in the future. *See United States v. Rodriguez*, 982 F.2d 474 (11th Cir. 1993).

Pursuant to Local Rule 88.9, the United States and counsel for URDANETA have discussed the necessity of filing the instant motion, and counsel for URDANETA has indicated that they have no objection to the motion. Therefore, all parties request a *Garcia* hearing at the earliest time convenient to the Court. Counsel for all parties and URDANETA, are available for such a hearing all day on Wednesday, September 30, 2020, Thursday, October 1, 2020, and Friday, October 2, 2020.

WHEREFORE, the United States respectfully requests that this Court conduct a *Garcia* hearing.

Respectfully submitted,

ARIANA FAJARDO
ORSHAN UNITED STATES
ATTORNEY

By: */s/ Kurt K. Lunkenheimer*
KURT K. LUNKENHEIMER
Assistant United States
Court ID No. A5501535
U.S. Attorney's Office -
SDFL 99 N.E. 4th Street,
Suite 400 Miami, FL
33132-2111
Telephone: (305) 961-9008
Facsimile: (305) 536-4699
Email: Kurt.Lunkenheimer@usdoj.gov

DANIEL KAHN
ACTING CHIEF, FRAUD SECTION

By:     */s/ Paul A. Hayden*
Paul A. Hayden
Trial Attorney
Department of Justice
1400 New York Ave.,
N.W. Washington, D.C.
20530
Tel. (202) 353-9370
paul.hayden2@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 28, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which would provide a copy to counsel of record.

*/s/ Kurt K. Lunkenheimer*
Kurt K. Lunkenheimer
Assistant United States Attorney