UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS(s)(s)

UNITED STATES OF AMERICA

v.

CARMELO ANTONIO URDANETA AQUI,

    Defendant.
_____/

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon the unopposed motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Carmelo Antonio Urdaneta Aqui (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On July 12, 2021, the United States filed a Second Superseding Information charging the Defendant with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Second Superseding Information, ECF No. 440. The Second Superseding Information also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956(h) the Defendant shall forfeit any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *See id.* at 2.

The Second Superseding Information alleged that the property subject to forfeiture as a result of the alleged offense includes, but is not limited to, a sum of $49,265,050.80 in U.S. currency, which sum represents the value of the property involved in the offense of conviction that the Defendant obtained in accounts he controlled and may be sought as a forfeiture money judgment. *Id.* at 3. The Second Superseding Information also alleged that the property subject to

forfeiture includes:

    (i)    Real property located at 18555 Collins Avenue, Unit 2205, Sunny Isles Beach, Florida 33160, UNITED STATES ("Unit 2205");[1]

    (ii)    Real property located at 225 27th Street, Apt. A, Miami Beach, Florida 33140, UNITED STATES ("Miami Beach Apartment A");

    (iii)    Real property located at 225 27th Street, Apts. B-F, Miami Beach, Florida 33140, UNITED STATES ("Miami Beach Apartments B-F"); and

    (iv)    All assets on deposit in account number CH3008609106086470003 at Banca Zarattini & Co. in Lugano, SWITZERLAND held in the name of Ville Flor Holding SA ("Zarattini Ville Flor Account").

*See id.* at 2-3. The Second Superseding Information advised that, pursuant to 21 U.S.C. § 853(p), the United States shall be entitled to the forfeiture of the Defendant's substitute property, if as a result of his act or omission, property subject to forfeiture (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty. *See id.* at 3.

On July 14, 2021, the Court accepted the Defendant's guilty plea to the charge in Second Superseding Information. *See* Minute Entry, ECF No. 445; Plea Agreement ¶ 2, at 1, ECF No. 447. As part of the guilty plea, the Defendant agreed to the forfeiture of Unit 2205, the Miami Beach Apartment A, the Miami Beach Apartments B-F, and the Zarattini Ville Flor Account, and to a forfeiture money judgment in the amount of $49,265,050.85 in U.S. currency. *See* Plea Agreement ¶¶ 16-20, at 7-10.

---

[1] Unit 2205 was interlocutorily sold in the parallel civil forfeiture action, *United States v. One 1999 135-Foot Baglietto Yacht, et al*, Case No. 19-CV-24249-WILLIAMS/TORRES (S.D. Fla.), and the proceeds from the sale, the substitute res, are pending default judgment in that case. If such judgment is entered, it would be final not only to the Defendant but also to others as well. "Unit 2205" references the real property and the proceeds from its sale. *See* Supp. R. G(7)(b)(iv) ("Sale proceeds are a substitute res subject to forfeiture in place of the property that was sold.").

2

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 446. The Factual Proffer also provided a basis for the forfeiture of property. *See id.*

As set forth in the Factual Proffer, starting in or around 2012, the Defendant and others engaged in various foreign currency exchange schemes using loan contracts with Petróleos de Venezuela, S.A. ("PDVSA") that were unlawfully obtained via bribes and kickbacks. Factual Proffer 2. These schemes exploited the Republic of Venezuela's fixed foreign currency exchange rate, which valued Venezuelan Bolivars artificially high compared to the open foreign currency exchange market. *Id.* In exchange for his participation, including his facilitation of payments to co-conspirators, the Defendant received a portion of the illicit loan proceeds. *Id.* The Defendant laundered the proceeds of the corruptly obtained loan proceeds through a series of financial accounts, transferring, or causing the transfer of, criminally derived proceeds in several transactions involving greater than $10,000 in U.S. currency to purchase real estate, among other assets, in the Southern District of Florida and Panama. *Id.*

In exchange for his role in creating the legal mechanism by which one of the schemes— the Companies C-D Loan Scheme—operated and drafting the loan contract at the request of Subject 4, the Defendant agreed to accept a payment. *Id.* at 3. On or about June 8, 2012, approximately $25 million in U.S. currency was transferred from a Swiss account held in the name of Company E to an account at another financial institution in Switzerland held in the name of Ville Flor Holding SA ("Ville Flor Account 1"), which was associated with the Defendant. *Id.* at 3-4. In total, the Defendant transferred, or caused to be transferred, to an account in the Southern District of Florida at least $1,590,000 in U.S. currency traceable to the criminal proceeds of the

Companies C-D Loan Scheme deposited into the Ville Flor Account 1 to purchase Unit 2205. *Id.* at 4.

Between in or around February 2013 and in or around November 2013, the balance of the criminally derived funds in Ville Flor Account 1 was transferred to the Zarattini Ville Flor Account, which is account number CH30086091060864700003, also referred to as account number 10.608647, at Banca Zarattini & Co. in Switzerland held in the name of Ville Flor Holding SA, which was associated with the Defendant. *Id.* at 4-5. In or about February 2015, approximately €23 million of the €227 million in Euros traceable to another scheme—the Eaton-Rantor Loan Scheme—was transferred to the Zarattini Ville Flor Account. *Id.* at 6. The value of the €23 million in U.S. dollars was approximately $24,265,050.85 based on a currency exchange that occurred in the Zarattini Ville Flor Account shortly after the transfer. *Id.* On or about November 16, 2015, and on or about November 27, 2015, approximately $300,000 and $2.88 million, respectively, were transferred in two transactions from the Zarattini Ville Flor Account to another real estate title company account in the Southern District of Florida. *Id.* These funds were used to purchase the Miami Beach Apartment A and the Miami Beach Apartments B-F, which are located at 225 27th Street, Miami Beach, Florida 33140. *Id.* The Defendant obtained, in accounts he controlled, a total of approximately $49,265,050.85 from the Companies C-D Loan Scheme ($25 million) and the Eaton-Rantor Loan Scheme (€23 million, or $24,265,050.85). *See id.* at 3-4, 6.

Based on the record in this case, the total value of the property involved in the offense of conviction is $49,265,050.85 in U.S. currency, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

In addition, also based on the record in this case and pursuant to 18 U.S.C. § 982(a)(1), the specific property directly subject to forfeiture includes Unit 2205, the Miami Beach Apartment A,

4

the Miami Beach Apartments B-F, and the Zarattini Ville Flor Account.

To the extent there is a third-party interest to any forfeited asset, such claims are addressed after the property is preliminarily forfeited, in third-party ancillary proceedings. *See* 21 U.S.C. § 853(k), (n); Fed. R. Crim. P. 32.2.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(1), and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $49,265,050.85 in U.S. currency is hereby entered against the Defendant.

2. Pursuant to 18 U.S.C. § 982(a)(1), the following specific property is hereby forfeited and vested in the United States of America:

    i. Real property located at 18555 Collins Avenue, Unit 2205, Sunny Isles Beach, Florida 33160, UNITED STATES, or any resulting net sale proceeds from the interlocutory sale of such property pursuant to the Court's Order in *United States v. One 1999 135-Foot Baglietto Yacht, et al*, Case No. 19-CV-24249-WILLIAMS/TORRES (S.D. Fla.);

    ii. Real property located at 225 27th Street, Apt. A, Miami Beach, Florida 33140, UNITED STATES, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

    Also known as: Condominium Unit No. A, of SILVIA CONDOMINIUM, a Condominium, according to the Declaration of Condominium thereof, as recorded in Official Records Book 28211, at Page 2358, re-recorded in Official Records Book 28355, at Page 3575, all of the Public Records of Miami-Dade County, Florida; together with an undivided its undivided share in the common elements appurtenant thereto.

    Subject to covenants, Declaration of Condominium of Silvia Condominium, easements and restrictions of record, existing zoning and governmental regulations; which shall serve to reimpose the same, and taxes subsequent to December 31, 2015.

    Parcel Identification No. 02-3226-053-0010;

   iii. Real property located at 225 27th Street, Apts. B-F, Miami Beach, Florida 33140, UNITED STATES, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

    Also known as: Condominium Unit Nos. B, C, D, E, & F, of SILVIA CONDOMINIUM, a Condominium, according to the Declaration of Condominium thereof, as recorded in Official Records Book 28211, at Page 2358, re-recorded in Official Records Book 28355, at Page 3575, all of the Public Records of Miami-Dade County, Florida; together with an undivided its undivided share in the common elements appurtenant thereto.

    Subject to covenants, Declaration of Condominium of Silvia Condominium, easements and restrictions of record, existing zoning and governmental regulations; which shall serve to reimpose the same, and taxes subsequent to December 31, 2015.

    Parcel Identification Nos. 02-3226-053-0020, 02-3226-053-0030, 02-3226-053-0040, 02-3226-053-0050, 02-3226-053-0060; and

   iv. All assets on deposit in account number CH3008609106086470003, also referred to as account number 10.608647, at Banca Zarattini & Co. in Lugano, SWITZERLAND held in the name of Ville Flor Holding SA.

3. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

4. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

5. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

6. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

7. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend

this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Miami, Florida, this _5th_ day of August, 2021.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE