# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS(s)(s)

UNITED STATES OF AMERICA

vs.

CARMELO ANTONIO URDANETA AQUI,

    Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida and the United States Department of Justice, Criminal Division, Fraud Section (collectively, "the Offices") and CARMELO ANTONIO URDANETA AQUI (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant understands that he has the right to have the evidence and charge against him presented to a federal grand jury for determination of whether there is probable cause to believe he committed the offense for which he is charged. Understanding that right, and after full and complete consultation with his counsel, the defendant agrees to waive in open court his right to prosecution by Indictment, agrees to waive any challenges to the statute of limitations or venue, and agrees that the Offices may proceed by way of a Second Superseding Information filed pursuant to Rule 7 of the Federal Rules of Criminal Procedure.

2. The defendant agrees to plead guilty to the offense in the Second Superseding Information, which charges the defendant with conspiracy to commit money laundering, in violation of Title 18, United States Code, Sections 1956(h) and 1957(a).

3. The government agrees to dismiss counts 1, 8, and 9 of the Indictment against the defendant.

4. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"), as well as other factors enumerated in Title 18, United States Code, Section 3553(a). The defendant acknowledges and understands that the Court will compute an advisory sentencing guideline range under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 2 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

5. The defendant also understands and acknowledges that the Court may impose a term of imprisonment of up to 10 years, followed by a term of supervised release of up to 3 years.

In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $500,000 or twice the amount of the criminally derived property involved in the transactions, whichever is greater, and may order criminal forfeiture and restitution.

6. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 5 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to the Offices and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

7. The Offices reserve the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the Offices further reserve the right to make any recommendation as to the quality and quantity of punishment.

8. The Offices agree that they will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the Offices will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's

own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The Offices, however, will not be required to make this motion if the defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts to the government prior to entering into this plea agreement; (c) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official; or, (d) fails to fully assist in the forfeiture of assets as set forth in this plea agreement.

9. The defendant agrees that the defendant shall cooperate fully with the Offices by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the Offices, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the Offices; and (c) if requested by the Offices, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. Any assistance the defendant may provide to the United States federal criminal investigators shall be pursuant to the specific instructions and control of the Offices and designated United States investigators. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he will not commit any further crimes.

The defendant further agrees not to reveal his cooperation, or any information derived therefrom, to any third party without prior consent of the Government.

10. The Offices reserve the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of the Offices the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, the Offices may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires the Offices to file any such motions, and that the Offices' assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of the Offices' filing or non-filing of a motion to reduce sentence.

11. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the Offices. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

12. In the event that the defendant chooses to seek a variance from the sentencing guideline range, the defendant further agrees that any such application shall be filed in writing

with the Court and served on the United States no later than the deadline for submitting objections to the Pre-Sentence Investigation Report stated in Federal Rule of Criminal Procedure 32(f)(1), subject to any extension of time agreed upon between the parties or ordered by the Court.

13. The Offices and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the finding that the <u>Total Offense Level</u> is **35** less any adjustment for <u>Acceptance of Responsibility</u>. Based on a criminal history category of **I** and a Total Offense Level of **35**, the defendant's advisory sentencing guideline range is **168** to **210** months of imprisonment before any adjustment for Acceptance of Responsibility. Because the offense has a 10-year statutorily authorized maximum sentence, pursuant to Section 5G1.1(a), the advisory sentencing guideline range is 120 months of imprisonment.

14. Although not binding on the probation office or the Court, the Offices and the defendant further agree that, except as otherwise expressly contemplated in this agreement, they will jointly recommend that the Court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case.

15. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the Offices, or the probation office, is a prediction, not a promise, and is not binding on the Offices, the probation office or the Court. The defendant understands further that any recommendation that the Offices make to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant

understands and acknowledges, as previously acknowledged in paragraph 4 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the Offices, or a recommendation made jointly by the defendant and the Offices.

16. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, involved in the commission of the offense, in violation of 18 U.S.C. § 1956, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1), and the provisions of 21 U.S.C. § 853. In addition, the defendant agrees to the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to:

    a. a forfeiture money judgment in the sum of $49,265,050.85 in U.S. currency, which sum represents the value of the property involved in the offense of conviction that the defendant obtained in accounts he controlled; and

    b. directly forfeitable property, including, but not limited to:

        (i) Real property located at 18555 Collins Avenue, Unit 2205, Sunny Isles Beach, Florida 33160, UNITED STATES;

        (ii) Real property located at 225 27th Street, Apt. A, Miami Beach, Florida 33140, UNITED STATES;

        (iii) Real property located at 225 27th Street, Apts. B-F, Miami Beach, Florida 33140, UNITED STATES; and

        (iv) All assets on deposit in account number CH3008609106086470003 at Banca Zarattini & Co. in Lugano, SWITZERLAND held in the name of Ville Flor

Holding SA.

The defendant understands that the directly forfeitable property listed in item (i) above is also pending forfeiture in the parallel civil forfeiture action, *United States v. One 1999 135-Foot Baglietto Yacht, et al*, Case No. 19-CV-24249-WILLIAMS/TORRES (S.D. Fla.) (the "parallel civil forfeiture action"), and the United States in its sole discretion will determine whether to proceed with forfeiture proceedings against such asset in the parallel civil forfeiture action or in this case. The defendant also agrees and consents to the forfeiture of property that has already been forfeited in this case and the parallel civil forfeiture action, and agrees to assist in and to not contest the forfeiture of other property pending forfeiture, including but not limited to:

    (a)    Real property located at Residencial Santa Maria Signature, Apartments 2-A, 2-B, 3-B, 5-B, 6-B, 7-B, 8-A, 11-A, 11-B, including fixtures and furnishings, in Panama, PANAMA;

    (b)    Real property located at Residencial Costamare, Apartment 24-011, including fixtures and furnishings, in Panama, PANAMA;

    (c)    Real property located at Residencial Costamare, Apartment 24-021, including fixtures and furnishings, in Panama, PANAMA; and

    (d)    Real property located at Vistamar Golf Village, Number 3, including fixtures and furnishings, in Panama, PANAMA.

17. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In

addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. Rs. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

18. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

19. In furtherance of the satisfaction of a forfeiture money judgment to be entered by the Court in this case, the defendant agrees to the following:

   a. submit a financial statement to the Offices upon request, within 14 calendar days from a request by the Offices;

   b. maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

   c. provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

   d. cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

e. notify, within 30 days, the Clerk of the Court for the Southern District of Florida and the Offices of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

20. The defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

21. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the Offices in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the Offices' right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the Offices appeal the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. In addition to the foregoing provisions, the

defendant hereby waives all rights to argue on appeal that the statute to which the defendant is pleading guilty is unconstitutional and that the admitted conduct does not fall within the scope of the statute. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

22. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to conspiracy to commit money laundering, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

23. The Offices and the defendant stipulate to and agree not to contest the facts in the Factual Proffer, and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty in this case. The defendant agrees that the facts in the Factual Proffer are true and correct to the best of the defendant's knowledge. Because the factual basis set forth in the Factual Proffer has the limited purpose of supporting the defendant's guilty plea to the charge discussed in paragraph two, the factual basis set forth in the Factual Proffer does not purport to represent all facts and

circumstances relating to the defendant's participation. Similarly, the factual basis in the Factual Proffer is not intended to identify all knowledge the defendant might have of the unlawful activity of other individuals.

24. Effective as of the date the defendant signs this agreement, and notwithstanding any other subsequent event, including but not limited to in the event the defendant fails to plead guilty, the Court refuses to accept the defendant's guilty plea, or the defendant withdraws (or attempts to withdraw) from this agreement, or should the Offices, in their sole discretion, determine that the defendant has failed to fully comply with any of the terms of this plea agreement, the Offices will be released from their obligations under this agreement, and the defendant agrees and understands that:

(a) the defendant hereby waives any protection afforded by any proffer letter agreement between the parties;

(b) the defendant will not assert any claim under the Federal Rules of Evidence (including Rule 410 of the Federal Rules of Evidence), the Federal Rules of Criminal Procedure (including Rule 11 of the Federal Rules of Criminal Procedure), or the United States Sentencing Guidelines (including U.S.S.G. § 1B1.1(a)) that the Factual Proffer entered in connection with this Plea Agreement should be suppressed or is otherwise inadmissible as evidence (in any form);

(c) any statements made by the defendant as part of the plea discussions, any debriefings or interviews, or in this agreement, whether made prior to or after the execution of this agreement, will be admissible against him without any limitation in any civil or criminal proceeding brought by the Offices;

(d) the defendant's waiver of any defense based on the statute of limitations and venue, including the waiver set forth in this agreement, or any defense based on the passage of time in filing an Indictment or Superseding Information, referred to herein, shall remain in full force and effect;

(e) the defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to the facts referred to in this agreement, of any documents provided by the defendant or the defendant's representatives to any state or federal agency and/or the Offices; and

(f) the defendant has adopted the entire factual basis as the defendant's statements, and the defendant has stipulated to the admissibility of the Factual Proffer in any case brought by the United States as substantive evidence offered by the government in its case-in-chief and rebuttal case; impeachment evidence offered by the government on cross-examination; and evidence at any sentencing hearing or other hearing.

[INTENTIONALLY LEFT BLANK]

25. This is the entire agreement and understanding between the Offices and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 7/14/21        By: _____
KURT K. LUNKENHEIMER
ASSISTANT UNITED STATES ATTORNEY

DANIEL S. KAHN
ACTING CHIEF, FRAUD SECTION
U.S. Department of Justice, Criminal Division

Date: 7/14/21        By: _____
PAUL A. HAYDEN
TRIAL ATTORNEY

Date: July 9, 2021   _____
MARTIN DE LUCA
ROBIN RATHMELL
ATTORNEYS FOR DEFENDANT

Date: July 09-20 21  _____
CARMELO ANTONIO URDANETA AQUI
DEFENDANT

14