UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS(s)(s)

UNITED STATES OF AMERICA

v.

CARMELO ANTONIO URDANETA AQUI,

Defendant.

MINORCA 704 LLC,

Third-Party Petitioner.

**UNOPPOSED MOTION TO APPROVE STIPULATION AND SETTLEMENT AGREEMENT BETWEEN THE UNITED STATES AND MINORCA 704 LLC**

Pursuant to 18 U.S.C. § 982, 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America files this motion requesting that the Court approve, and enter the attached order approving a stipulation and settlement agreement between the United States and Minorca 704 LLC ("Minorca"). In support of this motion, the United States submits:

1. On July 12, 2021, the United States filed a Second Superseding Information charging Carmelo Antonio Urdaneta Aqui (the "Defendant") with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Second Superseding Information, ECF No. 440.

2. The Second Superseding Information also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956(h) the Defendant shall forfeit any property, real or personal, involved in such offense, and any property traceable to such property,

pursuant to 18 U.S.C. § 982(a)(1).  *See id.* at 2.

3. The Second Superseding Information alleged that the property subject to forfeiture as a result of the alleged offense includes, but is not limited to, a sum of $49,265,050.80 in U.S. currency, which sum represents the value of the property involved in the offense of conviction that the Defendant obtained in accounts he controlled and may be sought as a forfeiture money judgment.  *See id.* at 3.  The Second Superseding Information also advised that, pursuant to 21 U.S.C. § 853(p), the United States shall be entitled to the forfeiture of the Defendant's substitute property, if as a result of his act or omission, property subject to forfeiture (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty.  *See id.*

4. On July 14, 2021, the Court accepted the Defendant's guilty plea to the charge in Second Superseding Information.  *See* Minute Entry, ECF No. 445; Plea Agreement ¶ 2, at 1, ECF No. 447.  As part of the guilty plea, the Defendant agreed, *inter alia*, to a forfeiture money judgment in the amount of $49,265,050.85 in U.S. currency.  *See* Plea Agreement ¶¶ 16-20, at 7-10; *see also* Factual Proffer, ECF No. 466.

5. On August 5, 2021, the Court entered a Preliminary Order of Forfeiture against the Defendant, imposing a forfeiture money judgment in the amount of $49,265,050.85 in U.S. currency, and forfeiting certain property in satisfaction thereof.  *See* Urdaneta Preliminary Order of Forfeiture, ECF No. 462.

6. On June 14, 2022, the Court entered a Second Preliminary Order of Forfeiture against the Defendant, forfeiting the Defendant's interest in the Douglas Road Apartment pursuant to 21 U.S.C. § 853(p), as follows:

> [T]he United States is authorized to forfeit substitute property, and the following property should be forfeited to satisfy, in part, the forfeiture money judgment: Real property located at 2030 Douglas Road, Unit 704, Coral Gables, Florida 33134, including all buildings, improvements, fixtures, attachments and easements found therein or thereon, which is more particularly described as:
>
>> Unit No. 704 of The Minorca, a Condominium, according to the Declaration of Condominium thereof, as recorded in Official Records Book 23159, at Page 834, of the Public Records of Miami-Dade County, Florida, as amended, together with an undivided interest in the common elements appurtenant thereto.
>
> Parcel Identification Number: 03-4108-099-0190.

Second Preliminary Order of Forfeiture, ECF No. 608.

7. Minorca holds title to the Douglas Road Apartment and has asserted an interest in the Douglas Road Apartment based on legal title. *See* 21 U.S.C. § 853(n)(6). By agreement between Minorca and the United States, the United States did not require Minorca to file a formal claim while the Parties negotiated this settlement.

8. The United States has entered into the attached stipulation and settlement agreement with Minorca ("Agreement"). *See* Agreement, attached as Exhibit 1. Under the terms of the Agreement, Minorca agrees to pay the United States the sum of $185,183.33 in U.S. currency ("Settlement Payment"), and following payment, the United States agrees not to further pursue forfeiture against the Douglas Road Apartment and to release its *lis pendens* previously recorded for the Douglas Road Apartment.

9. Under the terms of the Agreement, the Agreement is subject to the Court's approval. *See* Agreement ¶ 3.

10.     Upon collection by the United States of the Settlement Payment, the United States will apply that amount towards the outstanding balance of Defendant's forfeiture money judgment.

WHEREFORE, the United States requests that this Court approve the Agreement, and for such other relief as the Court deems just and proper. A proposed order is attached.

## LOCAL RULE 88.9 CERTIFICATION

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has conferred with counsel for Minorca, who has no opposition to the relief sought.

        Respectfully submitted,

        MARKENZY LAPOINTE
        UNITED STATES ATTORNEY

By:    */s/ Nalina Sombuntham and Joshua Paster*
        Nalina Sombuntham, Fla. Bar No. 96139
        Joshua Paster, Court ID No. A5502616
        Assistant United States Attorneys
        99 N.E. 4th Street, 7th Floor
        Miami, Florida 33132-2111
        Telephone: (305) 961-9224 / (305) 961-9342
        Facsimile: (305) 536-4089
        joshua.paster@usdoj.gov
        nalina.sombuntham@usdoj.gov
        *Counsel for United States of America*