UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS(s)(s)

UNITED STATES OF AMERICA

v.

CARMELO ANTONIO URDANETA AQUI,

Defendant.

MINORCA 704 LLC,

Third-Party Petitioner.

**STIPULATION AND SETTLEMENT AGREEMENT ON REAL PROPERTY LOCATED AT 2030 DOUGLAS ROAD, UNIT 704, CORAL GABLES, FLORIDA 33134**

The United States of America (the "United States"), by and through the undersigned Assistant United States Attorneys, and Minorca 704 LLC (the "Petitioner") (collectively, the "Parties"), hereby stipulate and agree as follows:

1. The Parties agree to resolve this matter consistent with the sound policy favoring settlement of legal disputes without resorting to unnecessary litigation.

2. The Agreement does not constitute a representation, agreement, or admission by any Party as to the merits or lack thereof in the above-captioned criminal case or in any forfeiture proceedings.

3. The Court has jurisdiction over the Parties and the subject matter of this Stipulation and Settlement Agreement (the "Agreement").

4. The Agreement is subject to the approval by the Court, and a violation of any term

or condition shall be construed as a violation of an order of the Court.

5. On July 12, 2021, the United States filed a Second Superseding Information charging Carmelo Antonio Urdaneta Aqui (the "Defendant") with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).  Second Superseding Information, ECF No. 440.

6. The Second Superseding Information also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956(h) the Defendant shall forfeit any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).  *See id.* at 2.

7. The Second Superseding Information alleged that the property subject to forfeiture as a result of the alleged offense includes, but is not limited to, a sum of $49,265,050.80 in U.S. currency, which sum represents the value of the property involved in the offense of conviction that the Defendant obtained in accounts he controlled and may be sought as a forfeiture money judgment.  *See id.* at 3.  The Second Superseding Information also advised that, pursuant to 21 U.S.C. § 853(p), the United States shall be entitled to the forfeiture of the Defendant's substitute property, if as a result of his act or omission, property subject to forfeiture (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty.  *See id*.

8. On July 14, 2021, the Court accepted the Defendant's guilty plea to the charge in Second Superseding Information.  *See* Minute Entry, ECF No. 445; Plea Agreement ¶ 2, at 1, ECF No. 447.  As part of the guilty plea, the Defendant agreed, *inter alia*, to a forfeiture money judgment in the amount of $49,265,050.85 in U.S. currency.  *See* Plea Agreement ¶¶ 16-20, at 7-

10; *see also* Factual Proffer, ECF No. 466.

9. On August 5, 2021, the Court entered a Preliminary Order of Forfeiture against the Defendant, imposing a forfeiture money judgment in the amount of $49,265,050.85 in U.S. currency, and forfeiting certain property in satisfaction thereof. *See* Urdaneta Preliminary Order of Forfeiture, ECF No. 462.

10. In advance of the Defendant's sentencing, the United States Probation Office ("Probation") prepared a Presentence Investigation Report ("PSI"). *See* PSI, ECF No. 597, *as revised*, ECF Nos. 599, 599-1. To prepare the PSI section concerning the Defendant's financial condition and ability to pay, Probation interviewed the Defendant, examined financial records, and conducted an independent investigation. PSI ¶ 156, ECF No. 599. Among other of the Defendant's assets, the Defendant identified that he has an interest in real property located at 2030 Douglas Road, Unit 704, Coral Gables, Florida 33134 ("Douglas Road Apartment"). *Id.* ¶ 157. Defense objected to the PSI, correcting the PSI "to reflect the value of the listed asset of an apartment located at 2030 Douglas Road, Unit 704, in Miami, Florida, (25% interest) [Douglas Road Apartment] is $150,000." PSI Addendum at 3-4, ECF No. 599-1.

11. On May 13, 2022, the Defendant submitted a completed Financial Disclosure Statement to the Government. In his Financial Disclosure Statement, the Defendant again identified his interest in the Douglas Road Apartment. *See* Financial Disclosure Statement (on file with undersigned counsel and the Defendant).

12. On June 8, 2022, the Defendant and his former spouse, Zenaida Claret Urbano-Taylor Romero ("Ms. Urbano-Taylor"), each executed a stipulation and consent to forfeiture. In the Stipulations, Defendant stipulated that he holds an interest in the Douglas Road Apartment, while Ms. Urbano-Taylor stipulated she holds no interest. Defendant Stipulation and Consent ¶ 7;

Urbano-Taylor Stipulation and Consent ¶ 8. The Defendant further agreed to forfeit his interest in the Douglas Road Apartment. Defendant Stipulation and Consent ¶ 16 ("I now agree and consent to the forfeiture of my beneficial and/or ownership interest in the [Douglas Road Apartment]….").

13. On June 14, 2022, the Court entered a Second Preliminary Order of Forfeiture against the Defendant, forfeiting the Defendant's interest in the Douglas Road Apartment pursuant to 21 U.S.C. § 853(p), as follows:

> [T]he United States is authorized to forfeit substitute property, and the following property should be forfeited to satisfy, in part, the forfeiture money judgment: Real property located at 2030 Douglas Road, Unit 704, Coral Gables, Florida 33134, including all buildings, improvements, fixtures, attachments and easements found therein or thereon, which is more particularly described as:
>
> > Unit No. 704 of The Minorca, a Condominium, according to the Declaration of Condominium thereof, as recorded in Official Records Book 23159, at Page 834, of the Public Records of Miami-Dade County, Florida, as amended, together with an undivided interest in the common elements appurtenant thereto.
> >
> > Parcel Identification Number: 03-4108-099-0190.

Second Preliminary Order of Forfeiture, ECF No. 608.

14. Petitioner holds title to the Douglas Road Apartment and has asserted an interest in the Douglas Road Apartment based on legal title. *See* 21 U.S.C. § 853(n)(6). The United States agreed to extend the time for Petitioner to file a claim, and the Parties now make this Agreement without requiring Petitioner first to file a claim or petition in the above-captioned case.

15. In lieu of forfeiture of the Douglas Road Apartment, Petitioner agrees to remit to the United States the sum of $185,183.33 in U.S. currency ("Settlement Payment"), which sum represents the Defendant's interest in the Douglas Road Apartment. Petitioner agrees to the final forfeiture of the Settlement Payment, and upon receipt of the Settlement Payment, all right, title, and interest in the Settlement Payment shall vest in the United States. After receipt of the

4

Settlement Payment, the United States agrees not to further pursue forfeiture against the Douglas Road Apartment and to release its *lis pendens* previously recorded for the Douglas Road Apartment.

16. The Settlement Payment shall be made as directed by the United States by August 28, 2023. The Parties may agree to extend the deadline in writing.

17. If Petitioner fails to remit the Settlement Payment by August 28, 2023 (or longer date as agreed to by the Parties), Petitioner consents to the final forfeiture of the Douglas Road Apartment to the United States.

18. The Petitioner shall not commit, nor allow any act to be done to diminish or otherwise alter the value of the Douglas Road Apartment. The Petitioner hereby agrees that it will not take any action to encumber, transfer, dispose of or cloud the title to the Douglas Road Apartment until the Settlement Payment is made to the United States. The Petitioner further agrees that it shall continue to be responsible for all real property taxes, liens, and other claims and encumbrances against the Douglas Road Apartment until the Settlement Payment is made.

19. The Settlement Payment shall be applied to the outstanding balance of the Defendant's forfeiture money judgment.

20. The Petitioner, including its representatives, agents, heirs, relatives, and assigns, hereby withdraws all claims and waives any answer and defense that Petitioner has or might have against the United States, the Department of Homeland Security, Homeland Security Investigations, and all agents, officers, employees, and contractors thereof (hereinafter the "Released Parties"), relating to the Douglas Road Apartment, including but not limited to any claim for lost profits, lost interest, or excessive fines under the Eighth Amendment of the United States Constitution.

21. The Petitioner agrees to release and hold harmless the Released Parties from all claims that currently exist or that may arise as a result of the United States' actions against and relating to the Douglas Road Apartment.

22. The undersigned counsel for the Petitioner, who also represented the Defendant in this case, hereby represents he has reviewed and discussed the Agreement with the Defendant and the Petitioner, and the Defendant and the Petitioner have agreed that the terms of the Agreement are in the best interest of each of them. The undersigned counsel for the Defendant has also advised them as to any potential conflict of interest in regards to his sole representation of the Defendant. The Petitioner and the Defendant hereby knowingly and willfully waive any potential conflict of interest.

23. Each of the Parties agree to bear its own costs and attorney's fees.

24. The Petitioner has read and fully understands each provision of the Agreement, and has freely and voluntarily signed the Agreement.

25. The Agreement may be executed in one or more counterparts, each of which when executed and delivered shall be an original, and all of which when executed shall constitute one and the same instrument.

26. The Agreement contains the entire agreement between the Parties.

[Remainder of page intentionally left blank]

FOR THE UNITED STATES OF AMERICA:

MARKENZY LAPOINTE
United States Attorney

5/3/2023
Date

Nalina Sombuntham
Assistant United States Attorney

5/3/23
Date

Joshua Paster
Assistant United States Attorney

FOR PETITIONER:

04/29/2023
Date

Luis A. Urdaneta-Aqui,
Manager

05/02/2023
Date

E. Martin De Luca
Counsel for Petitioner

FOR DEFENDANT:

04-29-2023
Date

Carmelo Antonio Urdaneta Aqui
Defendant

05/02/2023
Date

E. Martin De Luca
Counsel for Defendant

7